Pearson, J.
If his Honor had stopped after giving the general instruction in the first sentence of the charge, that if the testimony of Mary and Meecham Hodges was believed, it was a case of murder, the prisoner would have had no ground for complaint.
*121 Or if lie had stopped after entering into a discussion of all that had been saiápro and con, in respect to their credibility, and meeting the objections that had been made to the reception of certain testimony, the prisoner would have had no ground for complaint.
But, in the conclusion of the charge, ho lays down this proposition as a distinct and independent view of the case, “ If the prisoner -went to the house of Meecham Hodges, having a deadly weapon, for the purpose of taking the life of the deceased, if he should find him there, or of provoking him into a fight, and did so, then it would be a case of murder, although they should believe the deceased made the first assault.”
In this, there is error, both in a particular, and general, aspect.
“ For the purpose of taking the life of the deceased, if he should find him there,” “ although they should believe the deceased made the first assault.”
This is an unquestionable proposition of law; but the question is, where is the evidence to present it? It assumes that the testimony of Mary and Meecham Iiodges is unreliable, for, if that were believed, the case had been already disposed of, and the supposition that the deceased made the first assault, or any assault at all, is inconsistent with it. Putting that out of the case, the only testimony in respect to it is that of Kemp, who swore, “had heard Harrison threaten to kill or whip first Portis caught at old Hodges’.” When this was said, is not stated. It might have been two or three years before, and from the incidental and loose manner in which it is set out in the case, we cannot suppose that it was made the sole ground upon which a proposition directly affecting the life of the prisoner, was to depend.
“ Or for the purpose of provoking him into a fight, and did so, then it would bo a case of murder, although they should believe the deceased made the first assault.”
Besides being obnoxious to the same objection as the first proposition, this is not true as a matter of law. A man having a deadly w-eapon, goes to the house of another for the purpose *122 of provoking a third person, if he should find him there, into a fight, and does so. Does what ? Provokes him into a fight. This makes the party guilty of murder in the absence of any reliable proof that he killed him, or who killed him! For putting the testimony of the two Hodges’ out of the case, there is no evidence, save the fact that one man was killed by a gun-shot wound, and the other had marks of violence on his head.
This brings us to the general view, upon which we think the prisoner is entitled to have his case submitted to another jury. The proposition assumes that the jury might be unwilling to convict of murder upon the testimony of the two Hodges’, and suggests an alternative ground, upon which it would be a case of murder, although the testimony of the two Hodges’ was not, in the opinion of the jury, entitled to full credit. This was calculated to mislead, and the prisoner had a right to the instruction, that if the jury could not fully rely upon the testimony of these two witnesses, he ought not to be convicted of murder. After so elaborate a discussion, based upon the question of the credibility of these two witnesses, and the view presented by the case, upon the supposition that they were entitled to credit, the prisoner had a right to have the view presented by the case, that upon the supposition that they were not entitled to credit, examined with some particularity; and it was calculated to prejudice his case, to leave it to the jury in this broad-oast way, allowing them to take as much of the discredited testimony as was necessary to add on to the other circumstances, in order to make up a case of murder.
Pee OueiaM, Judgment reversed, and a venire de novo.